FILED

2005 Jan-31  PM 05:04
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **AUTO-OWNERS INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-04-S-687-NE** |
| | ) | |
| **HUNTSVILLE DODGE, INC.,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION

This action was brought by plaintiff Auto-Owners Insurance Company pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that plaintiff had no duty either

> to defend or indemnify Robert W. Rawe, II, Anthony Paige Presnell, John S. Pettit, Rawe Enterprises, Inc., AB Midwest, Inc., David K. Buschmann, Insight Properties, LLC and Autobuilders General Contracting Services, Inc. formerly known as Autobuilders South Florida, Inc., or one or more of them, as applicable, against any suit or arbitration proceeding brought by Huntsville Dodge, Inc. or any person or entity acting in its behalf arising out of the construction of the Dodge, Infiniti and Lexus automobile dealership in Huntsville, Alabama, and for such other relief as to which it may be entitled in the premises.[1]

On the date the complaint was filed, there was an underlying action pending in the

Circuit Court of Madison County, Alabama, bearing Civil Action No. CV-03-

---

[1]Doc. no. 1 (Complaint), at 11.

3155LHL.  In the state court action, Huntsville Dodge, one of the defendants herein,

asserted claims against various entities and persons based upon the allegedly faulty

construction of an automobile dealership.[2]  The action subsequently filed in this court

now is ripe for review of the motion to dismiss filed by defendants, which was

converted to a motion for summary judgment.

Defendants initially contended that the motion should be granted because there

was no question that plaintiff had a duty to defend the underlying claims, and because

the issue of whether plaintiff had a duty to indemnify defendants was not ripe for

adjudication.  The underlying state court action subsequently was subsumed, by

agreement of the parties, along with other pending actions, into one arbitral

proceeding before the American Arbitration Association.[3]  As part of that agreement,

Autobuilders General Contracting Services, Inc., formerly known as Autobuilders

South Florida, Inc., effectively became the sole remaining defendant in the underlying

arbitration proceeding.[4]  Consequently, the portion of plaintiff's complaint seeking

a declaration of its duty to defend certain parties was rendered moot, as Autobuilders

South Florida, Inc., was the named insured.[5]

---

[2]*Id.*, tab A.

[3]Exhibit appended to doc. no. 33 (Plaintiff's Supplemental Response to Defendants'
Motion to Dismiss).

[4]See doc. no. 33, at 1; exhibit to doc. no. 33, § III.

[5]Doc. no. 33, at 2.

With respect to plaintiff's duty to indemnify, defendants contend that a ruling is premature and not ripe for adjudication.  As an initial matter, the court observes that there is no indication from the evidence of record that liability has been established in the underlying arbitration proceeding.

This issue was succinctly addressed in *Guaranty National Insurance Co. v. Beeline Stores, Inc.*, 945 F. Supp. 1510 (M.D. Ala. 1996), as follows:

> [A] determination of the duty to indemnify cannot be made at a preliminary stage in the proceedings, when it is still possible for the plaintiff in the underlying lawsuit to change the theory of liability and assert a claim that is covered by the policy at issue.  *Ladner & Co., Inc. v. Southern Guaranty Ins. Co.,* 347 So. 2d 100, 104 (Ala. 1977).  *See also Home Ins. Co. v. Rice*, 585 So. 2d 859, 861 (Ala. 1991); *Tapscott v. Allstate Ins. Co.*, 526 So. 2d 570, 573-75 (Ala. 1988).  That is why the Seventh Circuit recently stated that "the duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit."  *Nationwide Insurance v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995).
>
> Because this lawsuit has been brought under the Declaratory Judgment Act and because it has been brought in federal court, an issue of ripeness that may be peculiar to federal courts is raised.  *First,* the Constitution restricts the exercise of judicial power to "cases" and "controversies."  U.S. Const. art. III, § 2.  The Declaratory Judgment Act, "in its limitation to 'cases of actual controversy,' manifestly has regard to the constitutional provision," *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41, 57 S. Ct. 461, 463, 81 L. Ed. 617 (1937), and thus "is operative only in respect to controversies which are such in the constitutional sense."  *Id.*  "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a

declaratory judgment suit, the positions of the parties in the conventional suit are reversed; the inquiry is the same in either case." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 512, 85 L. Ed. 826 (1941).

*Second*, the Declaratory Judgment Act states that a court "*may* declare the rights and other legal relations of any interested party seeking this declaration." 28 U.S.C.A. § 2201 (emphasis added). The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Wilton v. Seven Falls Co.*, 515 U.S. 277, [287], 115 S. Ct. 2137, 2143, 132 L. Ed. 2d 214 (1995) (quoting *Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241, 73 S. Ct. 236, 239, 97 L. Ed. 291 (1952)). Therefore, "'[t]here is . . . nothing automatic or obligatory about the assumption of "jurisdiction" by a federal court to hear a declaratory judgment action . . . . Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.'" *Wilton*, 515 U.S. at [288], 115 S. Ct. at 2143 (quoting E. Borchard, Declaratory Judgments 313 (2d ed. 1941)). Emphasizing the "unique breadth of this discretion," the Supreme Court has stated that it is "more consistent with the statute to vest district courts with discretion in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp." *Id.* at [289], 115 S. Ct. at 2144.

945 F. Supp. at 1514-15 (footnotes omitted).

Those same considerations are present here. Should plaintiff's insured prevail

in the arbitration proceeding, plaintiff's remaining request for relief in this action

4

would be rendered moot, and the court's effort in resolving the matter would be wasted.  Accordingly, the court finds that the issue of indemnification is not sufficiently ripe to present a "case" or "controversy," and that, even if it were, the court would decline, in its discretion, to provide declaratory relief.

For all of the foregoing reasons, the court concludes that defendants' motion to dismiss, as converted to a motion for summary judgment, is due to be granted.  An appropriate order will be entered contemporaneously herewith.

DONE this 31st day of January, 2005.

_____
United States District Judge